UNITED STATES DISTRICT COURT EASTERN DISTRICT
OF TENNESSEE, AT KNOXVILLE

| | |
|---|---|
| PAUL MILLER, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>)<br>M.E. RATLIFF, and )<br>TENGASCO, INC. )<br>)<br>Defendants. ) | Civ. Action No. 3-02-CV-644 |

## ORDER AND FINAL JUDGMENT

On this 29th day of April, 2004, a hearing (the "Settlement Hearing") as held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement, dated January 14, 2004 (the "Stipulation"), a copy of which has been previously filed herein, are fair, reasonable and adequate for the settlement of all claims asserted by the Class against Defendants in the Amended Complaint ("Complaint") now pending in this Action, including the release of Defendants and the Released Parties, should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as being fair and reasonable and in the best interests of the Class; (4) whether the securities to be issued to the Class are exempt from the registration requirements pursuant to Section 3(a)(10) of the Securities Act of 1933; and (5) whether Plaintiff's Counsel's fee and expense application should be approved by the Court and in what amount to award Plaintiff's Counsel fees and reimbursement of expenses. The Settlement Hearing was held pursuant to the Order For Notice And Hearing.

The Court considered all matters submitted to it at the Settlement Hearing and otherwise.

The Court considered and determined the fairness and reasonableness of the Plan of Allocation and the award of attorneys' fees and expenses requested.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Capitalized terms used herein have the same meaning as in the Stipulation of Settlement.

2. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members. The Court is a proper and convenient venue for the consideration, approval, and administration of the Settlement.

3. The Settlement Notice was disseminated in accordance with the Notice Order, and the Publication Notice was published in accordance with that Order. The notice given was the best notice to the Class practicable under the circumstances, and provided due and adequate notice of the Settlement and Settlement Hearing, and all other matters set forth herein to all persons entitled to notice, and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

4. Pursuant to Rule 23(e) the Settlement and Stipulation are approved as fair, reasonable and adequate, and in the best interests of the Class, and the Class Members and the parties are directed to consummate the Stipulation in accordance with its terms and provisions.

5. The Class is defined as and includes all persons or entities who purchased the common stock of Tengasco, Inc. ("Tengasco") during the period August 1, 2001 through and including April 22, 2002, and were damaged thereby. Excluded from the Class are Defendants herein; members of the immediate family of Defendant M.E. Ratliff; the current directors and officers of Tengasco; the former directors and officers of Tengasco during the Class Period;

any corporation, firm, partnership, trust or other person affiliated with any of the foregoing; and the legal representatives, agents, heirs, successors-in-interest or assigns of any excluded person and the persons listed on Exhibit A hereto, who have timely requested exclusion.

6. The Court certifies the Class for purposes of the Settlement and finds that the prerequisites to a class action under F.R.Civ.P. 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representative are typical of the claims of the Class he seeks to represent; (d) the Class Representative will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7. This cause is hereby dismissed with prejudice and there will be no assessment of costs.

8. Class Members and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any Settled Claims against any of the Released Parties. The Settled Claims of Class Members are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9. Neither the Settlement nor the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against Defendants in any civil, criminal, or administrative action or proceeding as evidence of or construed as or deemed

to be evidence of any presumption, concession, or admission by any of Defendants of the truth of any fact alleged in the Action or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants; and

(b) offered or received against Lead Plaintiff or the Class as evidence of any infirmity in the claims of Lead Plaintiff and the Class.

10. The Court hereby approves the Plan of Allocation as set forth in the Settlement Notice as fair and reasonable and in the best interests of the Class.

11. The Court finds:

(a) The Court has held a Final Settlement Hearing to approve the fairness of the terms and conditions of the Settlement;

(b) The members of the Class were given adequate notice of the Final Settlement Hearing and such Hearing was open to any and all members of the Class and there were no improper impediments to the appearance of members of the Class at the Hearing. No such person has appeared or objected to the fairness of the Settlement or the issuance of the securities;

(c) The terms and conditions of the Settlement are fair both procedurally and substantively to the members of the Class to whom the securities are to be issued;

(d) The Court was made aware prior to the Final Settlement Hearing that the issuer(s) would seek to rely on the Section 3(a)(10) exemption; and

(e) The Court further finds that the parties have stipulated that, to the extent allowed by law, the securities to be issued as part of this Settlement are exempt from the registration requirements pursuant to Section 3(a)(10) of the Securities Act of 1933.

12. Plaintiff's Counsel are hereby awarded the sum of $12,500 plus all accrued interest thereon, 83,333 shares of Miller Petroleum, Inc., 43,290 shares of Tengasco and 33,333 Tengasco warrants (subject to adjustment to reflect the recent Tengasco rights offering) as the Fee Award. This is equivalent to 33⅓% of the Settlement Consideration, which sum the Court finds to be fair and reasonable, and $8,642.93 in reimbursement of expenses (including the expenses of experts and consultants), which shall be paid to Plaintiff's Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same rate that the Settlement Fund has earned. The award of attorneys' fees shall be allocated among Plaintiff's Counsel in a fashion which, in the opinion of Plaintiff's Co-Lead Counsel, fairly compensates each of Plaintiff's Counsel for their respective contributions in the prosecution of the litigation.

13. Payment of the Fee Award and reimbursement of expenses to Plaintiff's Counsel from the Settlement Fund shall be made, as soon as practicable, but no more than three (3) business days, after the entry of this Order and Final Judgment. The Court finds that such award is reasonable and appropriate in light of the quality of work performed, the result achieved and the complexity and difficulty of the Action.

14. Any expenses of notice, publication, or administration of the Settlement not heretofore paid or provided for shall be paid out of the cash portion of the Settlement Fund, without further order of the Court, but subject to Court review. Defendants shall not be responsible for any further expenses to the Plaintiff, the Class, and/or their attorneys or agents.

15. The Court hereby retains exclusive jurisdiction over Defendants, Lead Plaintiff, and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for

fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

16. If the Settlement does not become Final in accordance with the terms of the Stipulation, then this Order and Final Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered in connection therewith shall be vacated and rendered null and void. However, any appeal of the Plan of Allocation, attorneys' fees or costs and expenses shall not prevent the Settlement from becoming effective.

17. This Judgment constitutes the final discharge of all obligations of Defendants to the Class arising out of the Action. This Judgment serves to bar all claims, whether by way of contribution or otherwise, by any person against Defendants or any of the Released Parties to recover any portion of any judgment, award, liability or loss arising from any action or proceeding in which a Class Member seeks to recover based on his purchase, sale, or holding of common stock of Tengasco between August 1, 2001 and April 22, 2002, provided that nothing herein shall serve to release claims belonging to Tengasco itself, whether asserted directly or derivatively.

18. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

DATED: Knoxville, Tennessee

_____ 2004

_____
UNITED STATES DISTRICT JUDGE

6
Case 3:02-cv-00644-TAV   Document 48   Filed 05/10/04   Page 6 of 7   PageID #: 6

# EXHIBIT A

## NONE